UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRANDON WALSH, et al., | Action No. 14-cv-7186 (CLW) |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| CITY OF BAYONNE, et al., | |
| Defendants. | |

This matter comes before the Court on non-party the Jersey Journal's motion (ECF No. 173) to intervene with respect to the settlement agreement reached in this matter. The Jersey Journal endeavored to obtain the agreement first in proceedings instituted in state court and now petitions this Court for clarification as to whether the Court sealed the agreement and, if so, whether the Jersey Journal has a right to view such a judicial record. The City opposes (ECF No. 178) the application and the Court heard oral argument on November 8, 2017. For the reasons set forth below, the Court grants The Jersey Journal's motion insofar as intervention is appropriate and the settlement agreement is not sealed.

As reflected by the docket, this civil rights case enjoyed an eventful history replete with disputes pertaining to discovery as well as potential and actual parallel criminal proceedings. The parties regularly called upon the Court to resolve such disputes and, eventually, the matter settled amicably and the case was closed with certain docket entries sealed at the behest of the parties and

upon Order of the Court.[1] At issue now are the circumstances surrounding the latter events, such that the Jersey Journal seeks to intervene to gain access to certain information—whether sealed on the docket or not—while the City contends that this Court's Order prevents as much and should not be disturbed.

As to the preliminary issue of intervention, Local Civil Rule 5.3(c)(5) provides that "[a]ny interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b) before the return date of any motion to seal or otherwise restrict public access or to obtain public access to materials or judicial proceedings filed under seal." Rule 24(b), in turn, provides that, "[u]pon timely application anyone may be permitted to intervene in an action: 1) when a statute of the United States confers a conditional right to intervene; or 2) when an applicant's claim or defense and the main action have a question of law or fact in common." A Court in this District has recognized that a motion to intervene may be entertained and granted "'even after the underlying dispute between the parties has long been settled.'" Jackson v. Delaware River & Bay Auth., 224 F. Supp. 2d 834, 838 (D.N.J. 2002) (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 779 (3d Cir. 1994) and Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 161 (3d Cir. 1993)).

As for motions to seal, Local Civil Rule 5.3(c)(1) provides:

> Any request by a party, parties or nonparty to file materials under seal, or otherwise restrict public access to, any materials or judicial proceedings shall ordinarily be made on notice, by a single, consolidated motion on behalf of all parties, unless otherwise ordered by the Court on a case-by-case basis, including any non-party which has produced materials as to which it seeks to restrict public access. No brief is necessary in support or in opposition to the motion unless a party believes it will assist the Court. The single, consolidated motion shall include all information required by (c)(3)

---

[1] In accordance with the Court's Order to Seal, ECF No. 166, the sealed entries are: Order Approving Settlement, ECF No. 161; Motion to Seal Order Approving Settlement, ECF No. 163; Amended Order Approving Settlement, ECF No. 164; and Transcript of Friendly Hearing, ECF No. 169. The Court also sealed the latter item in response to an oral request made during the hearing.

> below. Any motion and supporting papers to seal or otherwise
> restrict public access shall be available for review by the public.

In addition, "[a]ny settlement agreement filed with the Court or incorporated into an order shall, absent an appropriate showing under federal law, be deemed a public record and available for public review." L. Civ. R. 5.3(d)(2).

First, the Jersey Journal asserts that it may intervene here because "it is axiomatic that the public and media have a judicially protected interest in their right of access to judicial records and proceedings[]" and its "motion shares a common 'question of law or fact' with the main action." (Mov. Br., ECF No. 173-1, at 9-10 (collecting cases); Reply, ECF No. 179, at 6-7.)[2] The City counters that the Jersey Journal's application is untimely. (Opp., ECF No. 178, at 7-10.)

The Court finds no infirmity with the Jersey Journal's application to intervene. It is true that the Jersey Journal did not file its application prior to the return date of the original motion as prescribed by the Local Rules and apparently first sought relief in state court. However, the Jersey Journal's attempt to intervene is not defeated because the materials at issue on the docket were themselves fully sealed from the outset and hindered the Jersey Journal's examination and consideration of the same. Moreover, the Court appreciates the Jersey Journal's efforts to obtain the items at issue through the meet and confer process as well as through promptly filed state court proceedings without instituting competing litigations. And, as discussed below, the settlement agreement was not actually sealed by the Court and, as a result, the briefing schedule applicable to motions to seal and interventions does not control. There is likewise no evidence of prejudice to the City and the Jersey Journal's application plainly shares common questions with the main action, i.e., details of the suit, its resolution, and access to the particulars of that resolution. The

---

[2] References to the record use page numbers assigned by CM/ECF.

3

Court accordingly concludes that the Jersey Journal is properly situated to proceed on the instant application. See Jackson, 224 F. Supp. 2d at 837-38 (finding that newspaper had standing to intervene based on "public's right to access judicial information" and "ha[d] appropriately utilized permissive intervention to seek access to the judicial records").

Turning to the heart of the instant dispute, the Jersey Journal seeks either 1) clarification that the Court did not seal the settlement agreement, or 2) if the Court did seal the agreement, an Order finding that the Jersey Journal has a right to obtain it. (Prop. Order, ECF No. 173-4.) In particular, the Jersey Journal asserts that the Court's Orders, by their plain terms and in light of applicable precedent, did not seal the settlement agreement. (Mov. Br., ECF No. 173-1, at 10-11 (citing ECF Nos. 161, 164, 166).) The Jersey Journal goes on to argue that, even if sealed, the settlement should not remain so and further contends that an additional joint motion to seal is appropriate with respect to the friendly hearing held in this matter. (Id., at 13-14.)

In opposition, the City maintains that the Court sealed "not only the settlement order, but the information contained in the documents related to the terms and conditions of the settlement." (Opp., ECF No. 178, at 10 (citing ECF Nos. 164-66, 169).) The City emphasizes the sealing here serves to protect the litigants "from being preyed upon on account of their status[]" and denies that supplemental briefing is warranted. (Id., at 4, 13.)

The following is apparent from the docket, a plain reading of the documents therein, and the Court's recollection: the parties reached a settlement, properly sought Court approval of the same via a friendly hearing based on the status of certain parties, secured Court approval in conjunction with the same, and successfully moved to seal such materials. See ECF Nos. 156, 161-66. The parties also transmitted the full settlement agreement to the Court via email and in confidence to facilitate the Court's consideration of the settlement for the friendly hearing.

Although the Court received the full agreement and the motion to seal was atypical with the Court's leave, there is simply no indication from the relevant docket entries that the entirety of the agreement was sealed—let alone docketed for consideration—and there is no language incorporating the settlement into any Order with particularity. The transcript of the friendly hearing is similarly silent as to sealing the entire agreement, as opposed to merely addressing discrete items in conjunction with the friendly hearing. It was incumbent upon the parties to articulate the items to be sealed with specificity, and to submit as much for the Court's review; vague or incomplete requests are insufficient to garner relief from the Court. In addition, it must be noted that "[a] settlement agreement is not a judicial record when it is not filed with the court, interpreted by the court, or enforced by the court. [An] agreement is not a judicial record even if the court places an order of confidentiality over it or reviews its terms." Jackson, 224 F. Supp. 2d at 839 (citing Pansy, 23 F.3d at 781-83); L. Civ. R. 5.3(d)(2).[3] Mindful of this and on the record presented, it must be concluded that the sealing in this matter did not encompass the parties' settlement except insofar as the Court considered and approved a narrow portion of the settlement via the friendly hearing. The settlement is therefore not a judicial record and the Court need not reach whether the Jersey Journal has a right to obtain the settlement agreement and leaves the parties to pursue the issue in state court.

Finally, the items currently sealed in relation to the friendly hearing are sealed entirely and contain sensitive information throughout. Since these items have been sealed from the outset, they have escaped meaningful review by the public. The Court therefore directs the Jersey Journal and the parties to meet and confer no later than December 8, 2017 regarding redacted filings; if no

---

[3] The Court does not consider the email transmission of the full agreement to assist the Court's consideration of the friendly hearing to constitute a "fil[ing]" within the meaning of these cases or this Local Rule, and discerns no basis to find otherwise absent full briefing on the issue.

agreement is reached, then the parties shall have until December 17, 2017 to move to seal in strict conformance with Local Civil Rule 5.3 so as to afford the Jersey Journal an opportunity to properly weigh in, with such opposition due December 31, 2017.

**ACCORDINGLY, IT IS** on this 16th day of November, 2017,

**ORDERED** that the Jersey Journal's motion is granted;

**ORDERED** that the parties are entitled to order the transcript of the friendly hearing for their review, if they have not done so already, with the transcript to remain sealed to the public;

**ORDERED** that the parties shall meet and confer and file a motion to seal, if necessary, consistent with the foregoing; and

**ORDERED** that the Clerk shall terminate ECF No. 173.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**